NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JANETH PARADA, *Appellant*.

No. 1 CA-CR 16-0760
FILED 10-17-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-144205-001 SE
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

**¶1**         Janeth Parada ("Appellant") appeals her conviction and probation term for possession of marijuana.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record on appeal and has found no question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court granted counsel's motion to allow Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

**¶2**         We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶3**         Appellant was charged with possession of marijuana, a class 6 felony, in violation of A.R.S. § 13-3405 (Supp. 2012).  In March 2015, the trial court suspended prosecution to allow Appellant to complete a drug testing, counseling, and diversion program administered through TASC.  However, Appellant failed to complete the TASC requirements, and the State moved to lift the suspension of prosecution.  After prosecution was reinstated, the trial court granted the State's motion to reduce the charge to a class 1 misdemeanor.

**¶4**         At a bench trial, the State presented the following evidence: Sergeant Knueppel of the Phoenix Police Department was patrolling in southern Phoenix on the evening of August 11, 2013.  As he drove past a group of individuals standing at a street corner, he smelled the odor of burning marijuana through the air conditioning vents of his patrol car.  Sergeant Knueppel turned around and parked his car.  As he exited his

---

[1]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

vehicle and approached the group, he noted that the odor of burning marijuana had faded, but the odor of fresh marijuana became apparent. He spoke with the individuals in the group, and observed that one in particular—Appellant—appeared particularly evasive and nervous. She tightly clutched her purse, and noticeably hid behind others in the group.

¶5       The group indicated to Sergeant Knueppel that the marijuana odor might be emanating from a nearby house party. Sergeant Knueppel called for back-up police officers, who remained with the group while he walked over to the house party. He spoke with the owner of the house, but did not smell the marijuana odor there. Sergeant Knueppel returned to the group, noticing again the odor of fresh marijuana. Sergeant Knueppel asked Appellant if she had anything she was not supposed to have, and she withdrew a bottle of alcohol from her purse.

¶6       Speaking with Appellant several steps away from the group, Sergeant Knueppel asked Appellant if there was anything else she should not have. Appellant stated she had "weed," and she removed a marijuana cigarette from her purse. Sergeant Knueppel arrested Appellant, searched her purse, and found a clear baggie containing marijuana. At the police station, after being advised of her rights pursuant to *Miranda*,[2] Appellant stated she knew the approximate weight of the marijuana and that it was illegal to possess.

¶7       At trial, after the court denied Appellant's motion to suppress the evidence of the marijuana cigarette and the baggie of marijuana, Appellant stipulated that the green leafy substance in the cigarette and baggie was marijuana, eliminating the need for the State to prove that element of the offense. The court found Appellant guilty of the revised charge, and ordered her to complete an unsupervised probation term of twelve months.

## ANALYSIS

¶8       We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and

---

[2]       *Miranda v. Arizona*, 384 U.S. 436 (1966).

was provided the opportunity to speak before being placed on probation. The proceedings were conducted in compliance with her constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of her future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶10        Appellant's conviction and term of probation are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA